UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN LYONS JOHNSON,
Plaintiff,

v.

DAVID BETTENCOURT,
Defendant.

Case No. 26-cv-10008-TSH

**ORDER DIRECTING PLAINTIFF TO FILE A DECLARATION IN SUPPORT OF HIS APPLICATION TO PROCEED IN FORMA PAUPERIS**

Re: ECF Nos. 3, 9

## I. INTRODUCTION

On September 8, 2026, Plaintiff Sean Lyons Johnson filed a complaint (ECF No. 1) and application to proceed in forma pauperis (IFP) (ECF No. 3). On September 11 the Court found the application incomplete and ordered Plaintiff to file, by September 25, 2026, either a renewed application supplying specified financial information or pay the $405 filing fee by the same deadline. ECF No. 4. On September 25 Plaintiff filed a document titled "Response to IFP Declaration Proof of Request," ECF No. 9, but that document does not answer any of the Court's questions. Accordingly, the Court requires further information from Plaintiff.

## II. BACKGROUND

In its September 11 order, the Court identified three problems with the application. First, it was incomplete: because 28 U.S.C. § 1915(a)(1) requires "a statement of all assets," an application that does not disclose whether the applicant has any account, cash, or other asset does not satisfy

United States District Court
Northern District of California

United States District Court
Northern District of California

the statute and does not permit the Court to determine whether Plaintiff "cannot pay the court costs and still afford the necessities of life." ECF No. 4 at 2 (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). Second, the application did not explain how Plaintiff pays approximately $4,300 in monthly expenses while reporting no income from any listed source. *Id.* at 3. Third, the complaint and its exhibits referred to financial matters the application did not address: Plaintiff's role as trustee of Lyon Stone Trust and the grant deed describing that trust as revocable and for the benefit of the grantor; a purchase agreement reciting a $1,004,697 earnest-money deposit and Plaintiff's reported statement that he had paid over a million dollars to the California Unclaimed Property Division; and Plaintiff's reported claim to have paid property taxes on the Hayward property. *Id.*

As such, the Court directed that any renewed application include six categories of information: (1) the date of Plaintiff's last employment and the gross and net monthly wages he received; (2) every source of money or support received in the past twelve months and the amount from each; (3) whether Plaintiff has any bank, credit union, or other financial account, including any account held in the name of a trust or business he controls, the name of each institution and current balance, the amount of cash on hand, and a description and estimated value of every other asset; (4) an explanation of how his monthly expenses are currently being paid, including who pays them and from what funds; (5) whether he is a settlor, trustee, or beneficiary of any trust, including Lyon Stone Trust, whether any such trust is revocable, and a description and estimated value of any money or property held by any trust of which he is a beneficiary or which he has the power to revoke; and (6) any money or property that Plaintiff, or any trust of which he is a beneficiary, contends is owed to him or to it, with the amount claimed. *Id.* at 2–3. The Court further directed that Plaintiff answer every question, writing "no," "none," or "$0" rather than leaving a question blank, and advised that he could attach additional pages so long as they were signed under penalty of perjury. *Id.* at 4.

## III. THE RESPONSE DOES NOT PROVIDE THE REQUIRED INFORMATION

Plaintiff's September 25 response consists of a one-page cover sheet bearing the case caption and the title "Response to IFP Declaration Proof of Request," followed by eight pages of

exhibits. ECF No. 9. But the filing contains no declaration or other explanation of the exhibits. It is the applicant's burden to allege poverty "with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234 (cleaned up). Exhibits submitted without explanation do not carry that burden, as the Court cannot infer Plaintiff's financial circumstances from documents he has supplied without saying what they are meant to show. Further, two of the exhibits seem to contradict the IFP application. In Question 2(e), Plaintiff answered "No" when asked whether he had received, within the past twelve months, any money from "Federal or State welfare payments, Social Security or other government source." ECF No. 3 at 2. But one of the new exhibits is a Form SSA-1099 that appears to report Social Security benefits paid to him, ECF No. 9 at 4, and another is an Alameda County Social Services Agency Notice of Action dated September 12, 2026 states a monthly cash aid amount of $824, *id.* at 5. Plaintiff also included an Oakland Housing Authority "Calculation Summary" dated April 15, 2022 that appears to reflect CalWORKs income and a housing subsidy. *Id.* at 2, 7.

## IV. WHAT PLAINTIFF MUST FILE

Accordingly, the Court **ORDERS** Plaintiff to file a declaration by October 14, 2026, signed and dated under penalty of perjury, that answers each of the following questions. Plaintiff may attach documents in support, but he may not rely on attached documents to answer for him. If Plaintiff attaches documents, he must say what each document is and what it shows. If the answer to any of the questions is "none" or "$0," Plaintiff must write that. If a question does not apply to him, he must write "does not apply" and briefly say why.

1. **Employment**. When did you last work for pay? What was the job, and what were your gross and net monthly wages?

2. **Government benefits**. In the past twelve months, have you received Social Security (retirement, disability, or SSI), CalWORKs or other cash aid, housing assistance or a housing voucher, unemployment benefits, or any other government benefit? For each one, state the program, the monthly or annual amount, and whether you are receiving it now.

3. **All other money or support**. In the past twelve months, has any other money or support come to you from any source, including work, gifts, loans, money from family or friends,

United States District Court
Northern District of California

or payments another person made on your behalf? For each, state the source and the amount.

4. **Accounts and cash**. Do you have any bank, credit union, prepaid-card, or other financial account, including any account in the name of a trust or business you control? For each, state the name of the institution and the current balance. Do not include account numbers. What is the total balance of all your accounts?

5. **Other assets**. Do you own anything else of value, such as a vehicle, real property, investments, or other property? Describe each item and give your estimate of what it is worth.

6. **Trusts**. Are you a settlor, trustee, or beneficiary of any trust, including Lyon Stone Trust? For each trust, state your role, whether the trust can be revoked and by whom, and describe any money or property the trust holds and what you estimate it is worth.

7. **Money you say is owed to you**. Is there any money or property that you, or any trust of which you are a beneficiary, contend is owed to you or to it, including the $1,004,697 earnest-money deposit referred to in your complaint? For each, state the amount.

8. **Housing and expenses**. Where do you live, and how much do you actually pay each month for housing? Does any housing subsidy or voucher pay part of your rent, and if so how much? List your other monthly expenses, such as utilities and transportation.

9. **How your expenses are paid**. Given your answers above, explain specifically how your monthly expenses are being paid right now, including who pays them and from what funds. If someone else pays any of them, state who and how much.

10. **Dependents and debts**. Does anyone depend on you for support? If so, give their initials and ages, not their names. What debts do you owe, and to whom?

If Plaintiff chooses not to provide this information, he shall instead pay the $405 filing fee by October 14, 2026. If Plaintiff neither files the declaration nor pays the filing fee by that date, the Court will direct reassignment of this action to a district judge and issue a report and recommendation.[1] The Court has not screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and

[1] As the Court explained in its prior order, the denial of an IFP application is a final, immediately appealable order that a magistrate judge lacks authority to enter absent the consent of all parties under 28 U.S.C. § 636(c). *Tripati v. Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988); *see* ECF No. 4 at 4 n.1. This order does not deny the application; the Court continues to defer ruling. Should the

expresses no view on its merits.

## V. PROTECTING PRIVATE INFORMATION

The exhibits Plaintiff filed appear to display private information, including his full Social Security number and full date of birth. The Court therefore directs the Clerk of Court to limit remote electronic access to ECF No. 9 to the Court and the parties.

The Court advises Plaintiff that Federal Rule of Civil Procedure 5.2(a) provides that a filing containing an individual's Social Security number or birth date may include only the last four digits of the number and the year of birth. Thus, Plaintiff should not include his full Social Security number or full date of birth in his filing, or any full financial-account number for that matter. If Plaintiff wishes to keep certain answers confidential, he must (1) file a motion to seal in compliance with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" to documents filed with the Court. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). "As a public forum, the Court has a policy of providing the public full access to documents filed with the Court." *Anderson v. City & Cty. of San Francisco*, 169 F. Supp. 3d 995, 1038 (N.D. Cal. 2016). Thus, Civil Local Rule 79-5 states that a request to seal a document, or portions thereof, must be narrowly tailored to seek sealing only of sealable material.

## VI. RESOURCES FOR SELF-REPRESENTED LITIGANTS

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The

---

undersigned conclude that Plaintiff does not qualify, or should Plaintiff neither respond nor pay the fee, the undersigned will proceed by report and recommendation so that a district judge may review the matter before any denial or dismissal takes effect. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 n.1 (9th Cir. 1998).

United States District Court
Northern District of California

handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: September 30, 2026

THOMAS S. HIXSON
United States Magistrate Judge