UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN LYONS JOHNSON,
Plaintiff,
v.
DAVID BETTENCOURT,
Defendant.

Case No. 26-cv-10008-TSH

**ORDER RE: SERVICE**

## I. BACKGROUND

On September 8, 2026, Plaintiff Sean Lyons Johnson filed a complaint against Defendant David Bettencourt and an application to proceed in forma pauperis (IFP). ECF Nos. 1, 3. The Court found Plaintiff's IFP application incomplete and ordered him to either submit a renewed application providing specified financial information or pay the $405 filing fee by September 25, 2026. ECF No. 4.

On September 25, 2026, Plaintiff filed a response with exhibits but did not provide the information the Court had requested. ECF No. 9. On September 30 the Court ordered him to submit a declaration answering specific questions about his finances or, alternatively, pay the $405 filing fee by October 14, 2026. ECF No. 10. The Court explained that it had not screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and expressed no view on the complaint's merits. *Id*. at 4–5.

On October 13, 2026, Plaintiff paid the $405 filing fee. ECF No. 11. Having paid the filing fee, Plaintiff's IFP application is moot, and he need not submit the financial declaration required by the September 30 order. The Court now advises Plaintiff of his responsibility to serve Defendant.

United States District Court
Northern District of California

## II. PLAINTIFF'S RESPONSIBILITY TO SERVE DEFENDANT

Under Federal Rule of Civil Procedure 4(c)(1), Plaintiff is responsible for having the summons and complaint served on Defendant David Bettencourt. Because Plaintiff paid the filing fee and is not proceeding IFP, the United States Marshals Service is not responsible for service. *See* Fed. R. Civ. P. 4(c)(3); Civil L.R. 4-1. Plaintiff must arrange for service by a person who is at least 18 years old and is not a party to this action, or obtain a properly executed waiver of service under Rule 4(d). Fed. R. Civ. P. 4(c)(2), (d). Plaintiff may not serve Defendant himself. If Plaintiff uses formal service, he must obtain a summons issued by the Clerk and ensure that the summons and complaint are served together. Fed. R. Civ. P. 4(b), (c)(1). He must then file proof of service with the Court. Fed. R. Civ. P. 4(l)(1).

Rule 4(m) ordinarily requires service within 90 days after the complaint is filed. If Defendant is not served within the permitted time, the Court may, after notice, dismiss the action without prejudice as to Defendant or order service within a specified time. *Id*.

The Court provides the following additional guidance on waiver and service.

### A. Waiver of Service

Plaintiff is responsible for service but may instead request that Defendant waive service. Fed. R. Civ. P. 4(d)(1). If Plaintiff chooses to request a waiver of service, it must be in writing and:

> (a) Be addressed to the individual defendant or, if the waiver is sought from a business entity, be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for that entity;
>
> (b) Name the court where the complaint was filed;
>
> (c) Be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4 (included with this Order as Attachment A), and a prepaid means for returning the form;
>
> (d) Inform the defendant (using the language of the form appended to Rule 4 and included with this Order as Attachment B) of the consequences of waiving and not waiving service;
>
> (e) State the date when the request is sent;
>
> (f) Give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant

outside any judicial district of the United States--to return the waiver; and

(g) Be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1). The Court has included a Waiver of Service form (Attachment C) that Plaintiff may wish to provide.

**B. Formal Service**

Plaintiff is not required to request waiver of service and may instead effect service as provided by Rule 4. Strict compliance is required with the rules governing manner of service.

**1. Documents for Service**

When Plaintiff uses formal service rather than a waiver, the summons and complaint must be served together. Fed. R. Civ. P 4(c)(1); *West Coast Theater Corp. v. City of Portland*, 897 F2d 1519, 1521 (9th Cir. 1990). Additionally, Civil Local Rule 4-2 requires Plaintiff to serve the following supplementary material:

(a) A copy of the Order Setting Initial Case Management Conference and ADR deadlines issued pursuant to Civil L.R. 16-2(a), (b) or (c);

(b) Any pertinent Standing Orders of the assigned judge; and

(c) A copy of the assigned judge's order and instructions for the preparation of a Case Management Statement or, if none, the Court's form found at cand.uscourts.gov, pursuant to Civil L.R. 16-10.

**2. Service on Individuals**

For individuals served within a judicial district of the United States, Rule 4(e) permits the methods specified in that rule, including service under the law of the state where this Court sits or service is made. California methods may include:

(A) personal delivery to defendant or authorized agent (Cal. Civ. Proc. Code § 415.10);

(B) substituted service at the defendant's dwelling, usual place of abode, usual place of business, or usual mailing address, followed by the required mailing (*id.* § 415.20);

(C) mail service coupled with acknowledgment of receipt (*id.* § 415.30);

(D) service on persons outside the state by certified or registered mail

United States District Court
Northern District of California

with return receipt requested (*id.* § 415.40); and

(E) service by publication when authorized by court order (*id.* § 415.50).

**C. Additional Resources**

The Court again advises Plaintiff that there are resources available to help with the prosecution of this case. Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: October 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge

**ATTACHMENT A**

______________________________________
(Name)
______________________________________
(Address)
______________________________________

______________________________________
(Email address)
______________________________________
(Telephone number)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ______________________________<br>Plaintiff,<br>v.<br>______________________________,<br>Defendant. | Case No.<br><br>**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS** |

To
*(Name of the individual defendant or—if the defendant is a corporation, partnership, or association—name of an officer or agent authorized to receive service)*:

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ___ (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) days from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed,

along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: ___________________________________

_________________________________________
(Signature of the attorney or unrepresented party)

_________________________________________
(Printed name)

## ATTACHMENT B

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

“Good cause” does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**ATTACHMENT C**

________________________________________
(Name)

________________________________________
(Address)

________________________________________

________________________________________
(Email address)

________________________________________
(Telephone number)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ______________________________<br>Plaintiff,<br>v.<br><br>______________________________,<br>Defendant. | Case No.<br><br>**WAIVER OF THE SERVICE OF SUMMONS** |

To

*(Name the plaintiff's attorney or the unrepresented plaintiff)*:

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from__________, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: ___________________________________

_______________________________________
(Signature of the attorney or unrepresented party)

_______________________________________
(Printed name)